## No. 6503.

HERMANN POLHMAN VS. ANAÏS DE BOUCHEL, WIDOW CHARLES F. BERENS.

When land is seized and sold by the Sheriff, the buildings upon it, which are by law part of the realty, are equally seized and sold and become, as well as the land itself, the property of the purchaser.

APPEAL from the Fourth District Court, parish of Orleans. *Campbell, J.*

J. Tharpe for Plaintiff and Appellant.

J. Ad. Rozier for Defendant and Appellee.

First—A double dwelling house, stable, cistern and outstanding buildings, whether they have their foundations in the soil or not, are declared immovable by Art. 464 C. C. They constitute a part of the immovable, and cannot be sold separately. 21 A. 324 ; 12 A. 227 ; 23 A. 749 ; 25 A. 436 ; 26 A 349 ; 2 A. 451.

Second—The plaintiff does not pretend that he made or constructed the improvement, or that they were made or constructed out of his materials, but sets up that he bought them of a third person. Under no circumstances can he pretend to have the right to remove the improvements, as asked for in the petition.

The opinion of the Court was delivered by

LEVY, J. The plaintiff in this suit seeks to be recognized as the owner of certain improvements, consisting of a " double dwelling house, stable, cistern and outstanding buildings," erected on a tract or parcel of land belonging to the defendant. He alleges that he became the purchaser of these improvements by an act of sale from George Kuntz (the former owner), passed on the 16th of July, 1875 ; that on the 17th of July, 1875, the defendant acquired the land, on which are the improvements, at sheriff's sale ; that defendant withholds from him possession of the buildings and refuses to pay him their value, which he alleges to be $1500, and also refuses to allow him to remove the buildings or improvements. He prays for judgment recognizing his ownership of said improvements, and that defendant be condemned to deliver to him the said improvements, or to allow him to remove the same, and to pay rent therefor, and in default to pay the sum of fifteen hundred dollars, with legal interest thereon from the 17th of July, 1875, till paid. Defendant answering, admits the purchase by herself of the tract of land, on which the improvements claimed were erected and now stand, at sheriff's sale, under a writ of *fieri facias*, on the 17th of July, 1875 ; that at and before the adjudication, under said sale, these improvements were on the land ; that in their nature they were and are immovable, and by said adjudication she became the owner of the land and improve-

ments as one immovable property.   She avers that the alleged sale of George Kuntz to plaintiff is an absolute simulation.   She further pleads *res adjudicata,* on the ground that plaintiff instituted a suit against this defendant in said Fourth District Court, numbered 43,784, in which suit the plaintiff set up the same allegations as contained herein and by judgment rendered on the 29th of November, 1875, and signed on the 8th of December, 1875, and in which the thing demanded was the same, there was judgment sustaining defendant's exceptions of no cause of action and the said suits dismissed at plaintiff's costs.

In this case there was judgment in the lower court in favor of defendant, and plaintiff has appealed.

At the time of the seizure and sale of the tract of land the buildings and improvements claimed by the plaintiff were on the land. Article 464 C. C. declares : " Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable in their nature."   When the land was seized under the writ of *fi. fa.,* the seizure included the buildings which were, as above declared, immovables.   The plaintiff had no such right or privilege on these buildings and improvements as would entitle him to the benefits granted by Article 508 C. C.   The law declares them to be immovable in their nature, and the seizure of the land to which they were attached included them.   The sale by Kuntz to Pohlman did not, and could not, divest the seizure, and therefore was a nullity.   28 A. 430 ; 21 A. 324 ; 23 A. 749 ; 24 A. 436 ; 26 A. 349 ; C. C. 468.

The plea of *res adjudicata* was also well taken in this case, but the views above expressed render it unnecessary to enter upon the discussion of that question.

The judgment of the lower court is affirmed with costs.