302 So.2d 727 (1974)
COMMERCIAL CREDIT EQUIPMENT CORPORATION, Plaintiff-Appellee,
v.
Larry EVANS, Defendant-Appellant Third Party Plaintiff,
v.
CALVERT FIRE INSURANCE COMPANY, Third Party Defendant-Appellee.
No. 4726.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Cooper & Sonnier, by Gary E. Theall, Abbeville, for defendant-appellant.
Smith & Gaudin, by E. Clark Gaudin, Baton Rouge, for defendant-appellee.
Francipane, Regan, Post & St. Pee' by Richard T. Regan, Metairie, for plaintiff-appellee.
Before FRUGÉ, MILLER and WATSON, JJ.
WATSON, Judge.
Defendant, Larry Evans, purchased a Kubota diesel tractor with attachments and CLM Equipment Company, Inc. and executed a promissory note secured by a chattel mortgage for part of the price. The seller assigned the note to plaintiff, Commercial Credit Equipment Corporation, hereinafter referred to as CCEC. Defendant discontinued payments on the note, and CCEC sued him for the balance due, $1,162.70, together with interest and attorney's fees. Defendant denied liability and asserted a claim against Calvert Fire Insurance Company, third party defendant, claiming that CCEC had obtained from *728 Calvert a policy of insurance in favor of defendant insuring the payment of the indebtedness on the tractor in the event of theft, less a $25.00 deductible amount. Defendant further alleged that on December 27, 1971, the tractor was stolen by one Charles Chamblis; that it was removed from this state; that charges of theft were filed by the assistant district attorney for the Fifteenth Judicial District, Vermilion Parish, Louisiana; that numerous claims were made against the third party defendant for payment but no payment has been made; and that defendant is entitled to recover all sums from the third party defendant for which he might be cast on the main demand, together with penalties and reasonable attorney's fees.
Calvert Fire Insurance Company answered the third party demand, admitted the existence of the contract of insurance between Calvert and CCEC, but claimed that the policy specifically excluded the risks of embezzlement and conversion. Calvert further alleged that its investigation revealed that the loss of the tractor amounted to embezzlement and/or conversion and therefore the risk was excluded under the insurance policy.
The record supports Calvert's contention that Evans entrusted the tractor to Chamblis. The two men had been business associates in Abbeville when Evans turned the tractor over to Chamblis who was supposed to take it to Houston and sell it for Evans. Apparently, he took it to Houston and sold it, but he did not send Evans the money.
The trial court sustained Calvert's position, holding that the loss was excluded from coverage under the insurance policy, and basing its decision on Dupre v. Western Assurance Company, 112 So.2d 165 (La.App. 1 Cir. 1959). Judgment was given in favor of plaintiff and against defendant on the promissory note; defendant's third party demand was dismissed.
The only issue, whether there is coverage, is one of law, but the circumstances under which the insurance was afforded make determination of the issue somewhat difficult. These circumstances are as follows: CCEC and Calvert are subsidiaries of the same firm, Control Data Corporation. On credit sales of tractors and similar equipment, Calvert has a blanket insurance policy in effect in favor of CCEC to protect the latter company from loss. This blanket policy is paid for by CCEC, presumably out of payments made on financing agreements by the purchasers of the equipment. There is no specific charge indicated in the sale and chattel mortgage instrument for insurance premiums.
As each purchase is made, the buyer is sent a document called "Advice of Insurance" which contains a summary of the insurance in effect on the equipment. This document advises that CCEC has purchased insurance covering the risk of loss or damage on the equipment and describes the insurance as follows:
"The perils insured against are all risks of direct physical loss or accidental damage from any external cause including:
Fire, Lightning, Transportation, Windstorm, Cyclone, Tornado, Hail, Earthquake, Flood, Riot
$50.00 Deductible on Collision or Upset
$25.00 Deductible on
Malicious Mischief, Vandalism and Theft (excluding embezzlement or conversion)."
After considering the circumstances of the transaction we have concluded that Evans' rights do not stem from the "Advice of Insurance". This was sent to him merely for informational purposes. His rights are governed by the policy itself.
The purchaser of the equipment is not actually a party to the insurance policy. The policy is between CCEC and Calvert with the purchaser enjoying what amounts to a stipulation pour autrui in his favor. A certified copy of the blanket policy *729 was filed in the record and the pertinent provision in it reads as follows:
"6. PERILS EXCLUDED:
This policy does not insure against:
* * * * * *
(b) Loss or damage resulting from misappropriation, secretion, conversion, infidelity or any dischonest (sic) act on the part of any party of interest, his or their employees, or agents or any person or persons to whom the property may be entrusted (carriers for hire excepted)."
Plaintiff's contention on appeal is that Louisiana does not recognize the crimes of embezzlement or conversion which are common law offenses. Since Louisiana has only the crime of theft (LSA-R.S. 14:67) it is argued that the exclusions in the insurance policy have no effect.
Our analysis does not agree with that of defendant's counsel. Defendant was not a party to the policy or contract of insurance and he can take advantage only of such stipulations as the policy between CCEC and Calvert contains. He cannot be heard to complain that these parties exclude from insurance coverage situations in which embezzlement or conversion are involved. We are not considering a criminal case where, of course, the law is stricti juris. Rather, we are considering defendant's rights in a civil matter. The wording of the policy is obviously intended to exclude situations where the property is voluntarily entrusted to some person and that person embezzles or converts the property.
We agree with the trial court that the situation is analogous to that in Dupre v. Western Assurance Company, supra, and we conclude that the trial court was correct in denying insurance coverage to defendant.
Therefore, the judgment is affirmed. Costs are taxed against appellant.
Affirmed.