319 So.2d 878 (1975)
Roland THOMAS, Plaintiff and Appellant,
v.
PROTECTIVE LIFE INSURANCE COMPANY, Defendant and Appellee.
No. 5121.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*879 W. Glenn Soileau, Ville Platte, for plaintiff and appellant.
Dubuisson, Brinkhaus, Guglielmo & Dauzat by Edward B. Dubuisson, Opelousas, for defendant and appellee.
Before DOMENGEAUX, WATSON and MORRIS, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Roland Thomas, brought this action to recover benefits from a health and accident policy issued by the defendant-appellee, Protective Life Insurance Company. On September 20, 1973, plaintiff was in the employ of J. W. MacDonald Construction Company, operating a piece of heavy equipment in LeBeau, Louisiana. The machine upon which plaintiff was riding malfunctioned and began heading toward a ditch, at which time plaintiff jumped to the ground, severely injuring his wrist. These facts were undisputed by the parties.
The insurance policy in question was written by Protective Life Insurance Company through its agent, States Automobile Club, Inc., of Ville Platte, Louisiana. Plaintiff acquired the policy through his membership in States Automobile Club, Inc., on September 22, 1972. Thus, the policy was in effect at the time of plaintiff's accident.
The defendant insurance company declined to pay plaintiff's claim, basing its denial on an exclusionary clause in the contract. The trial judge agreed with the defendant's interpretation of the clause and found coverage lacking. From this adverse ruling the plaintiff has appealed.
The coverage dispute centers around Part 3 of the policy, which reads:
"The company will pay the indemnity provided in column 3 of section 1 or as provided by sections 2, 3, or 4 if such injuries shall be sustained:
(a) while driving or riding in an automobile, truck, or farm tractor."
*880 This is the only clause under which plaintiff asserts defendant's liability.
The terms "automobile" or "truck" are further defined in the policy as follows:
"The term `automobile' or `truck' means a commonly accepted four-or-more-wheeled automotive vehicle, specifically designed to transport passengers or merchandise on public streets or public highways, and shall include a taxicab or school bus as distinguished from a public passenger bus or trackless trolly." (emphasis added)
The only question before this court is the determination of whether the type of vehicle which plaintiff was operating is a vehicle contemplated by the terms "automobile" or "truck" as defined by the policy.
The vehicle in question was a 35-ton Univac self-propelled roller, sometimes referred to as a roller compactor. The sole function of this vehicle was to compact road beds. At the trial, the foreman on the job in which plaintiff was injured, Paul Humphries, testified as follows:
"Q. This piece of equipment that you call a roller compactorcould you tell us its principal purpose?
A. Strictly for compacting.
Q. Is that its only purpose?
A. For rolling it and compacting."
The Univac compactor roller also carries a large water tank which is filled to provide its tremendous weight for compacting road beds. The foreman further testified as follows:
"A. The water is stored in this compartment here, in fact, you can see the water line right here, where the difference is in it, there is moisture (indicating on picture), and the water is stored here and the reason we have water in it is for moving from one job to the other, you let the water out so you don't be over-weight on the highway to move it. And you can load it on a truck and move it, and that is why the water is stored in therefor means of compaction. And, depending on the compaction, as to how much water you put in the roller."
It is clear from this testimony that this vehicle is a highly specialized piece of highway construction equipment. The sole purpose is to aid in highway construction. In fact the machine is not even designed to transport itself beyond its immediate work vicinity. As the foreman indicates in his testimony, the compactor is drained to lighten it, and then it is loaded aboard a large truck which transports it from job site to job site. The maximum speed of this vehicle is 12 to 14 miles per hour which is just sufficient to allow it to perform its specialized function. The trial judge correctly ruled that the Univac compactor was not an "automobile" or "truck" as defined by the policy, i. e. "a commonly accepted four or more wheeled automotive vehicle specifically designed to transport passengers or merchandise upon public streets or public highways." This vehicle is designed only for heavy highway construction work. To find the Univac compactor roller an automobile or truck as defined by the policy would be stretching the terms of the contract beyond those limits intended by the parties.
The insurance policy does not define the term "farm tractor" but we have no difficulty in finding the Univac machine excluded under that term also. In Hendricks v. American Employers Insurance Co., 176 So.2d 827 (La.App. 2nd Cir. 1965), writs refused 248 La. 415, 179 So.2d 15, the courts were given an interpretation guideline as follows:
". . . Words and phrases employed in a contract of insurance are to be construed, *881 interpreted and defined in their ordinary and popular sense, rather than in a technical, philosophical or limited sense; . . ."
Although the term "farm tractor" is not defined in the policy, clearly from the guideline set forth in Hendricks, finding the vehicle in question to be a "farm tractor" would be a highly unrealistic interpretation of the term, and besides, this contention is not raised by the appellant.
Plaintiff contends that the definition clause in the policy is ambiguous and should therefore be interpreted in his favor. Plaintiff correctly states the general rule of law in this state in that ambiguous clauses in insurance contracts are interpreted in favor of the insured. However, we find the rule inapplicable in the present litigation because the definitions are simply not ambiguous. The rule stated in Westenhover v. Life & Casualty Insurance Company, 27 So.2d 391 (La.App. 2nd Cir. 1946), is controlling in this case:
". . . Courts are not at liberty to disregard the plain letter of the contract under the pretext of an interpretation of ambiguity where none exists."
Once we have determined the lack of ambiguity in the contract we are bound to interpret contract terms by the definitions provided therein. Hendricks v. American Employers Insurance Co., supra.
Finding the definitions set forth in the policy clear and unambiguous and therefore controlling, we agree with the trial judge's determination that the plaintiff's accident was outside of the scope of coverage contemplated by the insurance contract.
For the above and foregoing reasons the judgment of the district court is affirmed at plaintiff's costs.
Affirmed.