323 So.2d 518 (1975)
MID-CONTINENT UNDERWRITERS, INC. and Surplus Underwriters, Inc.
v.
H. A. RODRIGUE et al.
No. 7129.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
*519 Donald V. Organ, New Orleans, Abraham Gerber, Metairie, for plaintiffs-appellees.
Hammett, Leake, Hammett, Hayne & Hulse, Michael E. Wanek, New Orleans, for defendants-appellants.
Drury, Lozes & Curry, Robert H. Wood, Jr., New Orleans, for defendant in reconvention.
Before STOULIG, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
This is an appeal from a district court judgment ordering defendants to pay plaintiffs the balance of premiums on two excess coverage maritime insurance policies.
On or about December 7, 1970 Griffin and Zimmer Contracting Company, Inc. (Griffin and Zimmer) through its agent, H. A. Rodrigue, Inc., entered an order for excess maritime coverage with placing broker, Mid-Continent Underwriter, Inc. (Mid-Continent).
The total excess maritime coverage requested was $75,000.00 for each person and $275,000.00 for each accident for the period from January 13, 1971 to January 13, 1972. Mid-Continent secured two policies to meet the request. One policy from Old Reliable Fire Insurance Company stated a *520 premium of "$7.50 per $100 of entire payroll." The other, issued by Employers' Surplus Lines Insurance Company quoted a premium rate of "$3.00 per $100 of total payroll."
Both policies were mailed to H. A. Rodrigue, Inc., and no written objections were made concerning any policy provisions. Thereafter, Griffin and Zimmer, through its agent, H. A. Rodrigue, Inc., paid a provisional premium of $6,000.00 on one policy and $2,500.00 on the other. The agent's commission was deducted from the payment and the remainder was remitted to Mid-Continent.
At the end of the policy period, Griffin and Zimmer's total payroll was computed and, after certain deductions was found to be $132,184.12.[1] Adjustments on the provisional premiums were made in accordance with policy provisions and Griffin and Zimmer was billed an additional total of $5,379.80 ($3,913.80 plus $1,466.00) for the two policies.
Griffin and Zimmer refused to pay the additional premiums and this suit was instituted against H. A. Rodrigue (Rodrigue), H. A. Rodrigue, Inc., Employers Insurance Agency of Louisiana, Inc. a/k/a The Rodrigue Company, Inc., and Griffin and Zimmer. An exception of no cause of action was filed on behalf of H. A. Rodrigue, H. A. Rodrigue, Inc., Employers Insurance Agency of Louisiana, Inc., a/k/a The Rodrigue Company, Inc. A hearing on this exception was continued indefinitely by the trial court. Thereafter, answers were filed by all named defendants except Rodrigue, and H.A. Rodrigue, Inc.
Surplus Underwriters, Inc., as the underwriting agent for Old Reliable Fire Insurance Company was authorized to collect the premiums due on its policy. Mid-Continent after having paid Employers' Surplus Lines Insurance Company the premium due under its policy, was given an assignment to collect that sum from defendants.
Defendant Griffin and Zimmer, in addition to its answer, filed a reconventional demand alleging that the endorsement placed on the policy of Surplus Underwriters, Inc., effectively provided no coverage due to its exclusion of "... masters and members of the crew of any vessels which are owned or chartered by the insured." It demanded the return of the provisional deposit. Although Rodrigue had no recollection of the transaction, evidence at the trial conclusively established that a separate policy covering this excluded risk was placed through Mid-Continent and that the said policy became effective and covered the same period as the other two policies. Accordingly, the reconventional demand of Griffin and Zimmer, being without substance, was rightfully dismissed by the trial court. We shall devote no further consideration to this issue.
The trial judge, after considering the law and the evidence, rendered judgment jointly and insolido against all defendants. All defendants appeal and allege that the policies are ambiguous and should be reformed to reflect the true intention of the parties. Rodrigue specifically asserts on appeal that the trial court erred in holding his company liable for the obligations of his client. We reverse the judgment holding Rodrigue and H. A. Rodrigue, Inc., liable and affirm as to all other defendants.
Defendants assert that no additional premiums are owed. Rodrigue alleges that when he negotiated the contracts with Mid-Continent he believed premiums would be based only on Griffin and Zimmer's offshore or "wet" payroll and not on its "total" payroll. He stated that due to the fact this was an excess maritime policy he understood only maritime exposure was to be used in calculating the premiums. Rodrigue further testified that when he received *521 the insurance certificates he questioned why they specified "total" payroll but was assured that only the "wet" payroll would be used in calculation of premiums. It is to be noted though that no written objections concerning this discrepancy were made by Rodrigue, or anyone else, after the receipt of the certificates.
The language in the insurance certificates specifies either "total" or "entire" payroll with no mention of a "wet" payroll.[2] A contract is supposedly the full integration of the will of the parties. As stated by the Third Circuit in Capizzo v. Traders and General Insurance Company, 191 So.2d 183, 187 (La.App. 3 Cir. 1966):
"... when the provisions of a written contract are clear and unambiguous, the contract cannot be varied, explained or contradicted by parol evidence, and the meaning or intent of the contracting parties must be sought within the four corners of the instrument."
There is no ambiguity whatsoever in the wording of the insurance certificates and accordingly parol evidence from Rodrigue cannot be used to vary their clear terms. Premiums must be computed using the "total" payroll.
The judgment holding Rodrigue, H. A. Rodrigue, Inc., and The Rodrigue Company liable jointly and insolido with Griffin and Zimmer is partially erroneous. Evidence presented at the trial established that the placing broker, Mid-Continent, was paid directly by The Rodrigue Company, after it had deducted its commission from the premiums received from the insured. Mid-Continent had no independent dealings with the insured and all negotiations were conducted through the agency. There is also evidence of an agreement between the parties which specified that the producing agent would be held fully responsible for the collection and payment of all developed premiums. Upon this set of circumstances, the trial court was correct in holding The Rodrigue Company liable, for it was primarily responsible for the collection and payment of premiums. Rodrigue and H. A. Rodrigue, Inc. though cannot be held liable. Neither Rodrigue nor H. A. Rodrigue, Inc., ever filed an answer to the plaintiffs' petition and no default judgment was taken against them. They were never joined as parties to the suit and consequently cannot be cast in judgment.
For the aforestated reasons, the judgment of the trial court holding H. A. Rodrigue and H. A. Rodrigue, Inc., liable is reversed. In all other respects, the judgment is affirmed and all costs are to be paid by remaining defendants.
Reversed in part, affirmed in part.
NOTES
[1] The total payroll was in fact $149,160.60. A representative of Mid-Continent testified that as a matter of custom in these type policies the "clerical office payroll" is not normally included in "total payroll" in order to give a "break" to the insured.
[2] Defendants point out that in the endorsement on one of the policies the term "offshore payroll" is used. Plaintiffs claim this was purely a clerical error as evidenced by the fact that next to it was the figure of $132,184.12, the "total" payroll calculation. In any event, whatever the reason for the term's use, defendants could not possibly have been misled or prejudiced by it for the endorsement was not received until well after the expiration of the policy period.