345 So.2d 1241 (1977)
Frederick ELLIS
v.
Brinnon DILLON et al.
No. 11243.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
M. Reggie Simmons, Franklinton, for plaintiff.
John N. Gallaspy, Bogalusa, for defendant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action to enjoin a sheriff's sale pursuant to the writ of fieri facias as well as having recognized the homestead exemption from seizure and sale of a house trailer. From a judgment in favor of defendant and plaintiff in rule enjoining the sale and recognizing the exemption plaintiff and defendant in rule has appealed.
*1242 The record discloses that on February 4, 1975, appellees, Brinnon Dillon and his wife, Judy Dillon, individually, and on behalf of D & E Materials, Inc., entered into a written contract with appellant, Frederick Ellis, wherein the appellees agreed that one certain 1972 green Mack truck and Taylor trailer belonging either to Brinnon Dillon and Judy Dillon, individually, or to the defendant corporation, would become the property of Ellis in the event that appellees did not repay appellant the full sum of $5,000.00 on or before August 5, 1975. The contract was in consideration of a loan made by Ellis to the Dillons or the defendant corporation on February 5, 1975. The loan was not paid off at its maturity and Ellis sued and gained judgment against appellees in said sum. Subsequently, the property was seized by the sheriff pursuant to a writ of fieri facias. Appellees secured a temporary restraining order and a rule issued for preliminary injunction.
Following the hearing in the Trial Court, a preliminary injunction was issued enjoining and restraining Frederick Ellis and the sheriff from attempting to remove, disturb or sell the house trailer. The Trial Judge gave very brief written reasons, to wit:
"This is a rule for a preliminary injunction to restrain the seizure and sale of a trailer by a judgment creditor under a writ of fieri facias. The trailer is situated on two acres of land in Washington Parish. The plaintiff-in-rule claims that the trailer is part of his homestead and consequently exempt from seizure under the provisions of Article II [XI] of the Louisiana Constitution of 1921, and Article 14:34 of the Louisiana Constitution of 1974. The defendant-in-rule claims the trailer is a movable and consequently not entitled to the protection of the above cited articles.
"The evidence shows that plaintiff-in-rule purchased the trailer from defendant-in-rule on September 22, 1971. The trailer was located at the same place then as now. Since the purchase plaintiff has lived in the trailer with his family, his wife and children. No attempt has been made to move it. The trailer is sitting on its axle, it is hooked to electrical wires, has piping to a pump for water, and additionally, has sewerage pipes. Also, the plaintiff has welded angle iron to the trailer and sunk them in cement in the ground.
"The Court assumes that for the purpose of determining whether the trailer is an `appurtenance' to the property, the consideration of whether it is attached so as to become immovable by nature or destination is pertinent. If so, the Court finds as a fact that from the intent and nature of the structure, it is immovable and subject to the constitutional protection against seizure.
"Additionally, however, the Court knows of no reason why it would not be exempt from seizure as part of plaintiff-in-rule's homestead even if it were movable. The Constitution provides that,
`There shall be exempt from seizure and sale . . . the homestead consisting of lands . . . buildings and appurtenances . . . of every head of a family . . .'
"The obvious intent of the Constitution is to protect the family from the seizure of their home. c. f. Cloud v. Cloud [La. App.], 127 So.2d 560. Normally the home is a `building' in the ordinary since of the word, and consequently the Constitution used the term `building' in referring to the home. Increasingly, however, the `home' may be a structure such as a trailer, but it is still a home and consequently a `building' within the meaning of Article II [XI] of the Constitution.
"R.S. 32:710 as referred to by defendant-in-rule, is obviously a means of protecting the chattel mortgage holder as against the holder of a mortgage on the real estate on which the chattel may be located. It has nothing to do with the homestead exemption. Further, it is the view of this court that whether a trailer is secured by a chattel mortgage or a mortgage on real property in accordance with R.S. 32:710, if the mortgage does not contain a waiver of homestead the exemption may be asserted if the trailer is actually occupied as a home.

*1243 "The preliminary injunction will issue as prayed for herein, cost be paid by defendant-in-rule."
Appellant contends that the Trial Judge was in error in classifying a house trailer as an immovable arguing that appellees' failure to comply with the provisions of LSA-R.S. 32:710 precludes the trailer being an immovable, and further in none of the civil code provisions can a house trailer be an immovable, and thus, not eligible for the exemption. He further contends the Trial Judge was in error in holding that even if the house trailer was not an immovable, it was still subject to the exemption. He lastly argues that even if exempt from seizure and sale, the sale is not prohibited except as up to the amount of the exemption.
The first issue to be resolved is whether a house trailer can be an immovable?
LSA-C.C. Art. 464 provides:
"Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature."
The courts must determine what is a building or other construction qualifying as an immovable under LSA-C.C. Art. 464 based on societal needs of the times. Benoit v. Acadia Fuel & Oil Distributors, Inc., 315 So.2d 842 (La.App. 3rd Cir. 1975), writ refused 320 So.2d 550 (La.1975).
There are no reported cases deciding whether a house trailer which sits on its axle, though is anchored to the ground as well as being connected to electrical wires, water pipes and a sewerage line is an immovable, and thus we have no jurisprudential guidance directly on point.
As was said in Holicer Gas Co. v. Wilson, 45 So.2d 96 (La.App. 2nd Cir. 1950):
"[T]he facility with which a structure may be transported, placed and displaced, is not a reliable guide. In Vaughn v. Kemp, 4 La.App. 682, the court held that a small structure set above ground on wooden blocks by a landowner's lessee became an immovable by nature and this despite the existence of an agreement permitting the removal by the lessee on termination of the lease.
"Similarly, a cistern was held to be a `construction', immovable by nature, under Article 464, Polhman v. De Bouchel, 32 La.Ann. 1158.
"Nor are we disposed to accord great weight to plaintiff's contention that the gas tank occupies the status of a movable because it was manufactured or fabricated before being placed upon the property. We have been able to find nothing in the law or jurisprudence of this State which requires buildings or constructions to be actually built or constructed upon the land in order to be classed as a immovable. Such a conclusion would be utterly unjustified, and, in these days of prefabrication, would lead to absurd consequences entirely incompatible with the obvious intent of the codal provisions."
This court is cognizant of the trend in our society today that because of increased construction cost for new housing, the ever increasing cost of buying existing housing, and the further inflationary costs of renting, that many families have turned to mobile homes as residences. The mass production of mobile homes in factories away from the site of ultimate occupancy, and even outside the state of occupancy, has afforded to many the opportunity to buy a home at a reasonable price within which to commence a family. We dare say that mobile homes as society knows of them today were not envisioned when our Civil Code was written, but neither were metal gas tanks. We, therefore, hold that the mobile home in this case is a "building or other constructions" within the meaning of LSA-C.C. Art. 464, and thus an immovable by nature.
Appellant also argues that appellees did not comply with the requirements of LSA-R.S. 32:710 N, which provides:
"N. (1) Except as provided by Paragraph (2) hereof, when any vehicle whatsoever shall be moved to and located in or upon any immovable property, or installed therein or thereon in a manner which, under any other law, might make the *1244 vehicle an immovable by nature or by destination, the vehicle shall be and will remain a vehicle subject to the provisions of this Chapter governing its mortgaging or sale. Title to the vehicle shall not pass by the sale of the immovable property to which it has been actually or fictitiously attached, whether such sale be conventional or judicial. No sale or mortgage of or lien upon the immovable property shall in any manner affect or impair the rank or privilege of a chattel mortgage on such vehicle, or the remedies of the holder thereof for its enforcement.
"(2) A mobile home designed for use as a place of human habitation and placed upon a lot or tract of land shall be an immovable when there is recorded in the appropriate conveyance or mortgage records of the parish where the said lot or tract of land is situated an authentic act of sale or mortgage or sale with mortgage which: (a) contains a description of the mobile home as described in certificate of title and a description of the lot or tract of land upon which the mobile home is placed, (b) contains a declaration of intent by the owner of the mobile home that it shall remain permanently attached to the lot or tract of land, and (c) has attached to said act the certificate of title for the mobile home described therein. "Upon the recordation of the act together with the certificate of title described above, the mobile home shall cease to be subject to the application of this Chapter and the taxes applicable to movables and shall thereafter be subject to all laws concerning immovable property."
All that this section provides is that until there is recorded in the appropriate records of the parish where the lot or tract of land is located upon which the mobile home is to be placed an authentic act of sale or mortgage which contains a description of the mobile home, a declaration of intent by the owner of the mobile home that it will be permanently attached to lot or tract of land, and the certificate of title is attached, that the mobile home continues to be governed by the provisions as to titling and mortgaging of this section of the law, even though it may have been declared an immovable by nature or by destination under any other law. We therefore are of the opinion that LSA-R.S. 32:710 N is not controlling.
Appellant further contends that the Trial Judge was in error in prohibiting the sale, and we agree.
Article 12, § 9, La.Const. (1974) provides:
"The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law."
Article 14, § 34, La.Const. (1974) provides:
"The provisions of Article XI of the Constitution of 1921 shall be continued as a statute until the legislature enacts the law required by Article XII, Section 9 of this constitution, but the amount of the exemption shall be fifteen thousand dollars in value until otherwise fixed by law.
Article XI, § 1, La.Const. (1921) provides in part:
"Provided, that in case the homestead exceeds Four Thousand Dollars ($4,000.00) in value, the beneficiary shall be entitled to that amount in case of a sale of the homestead under legal process realizes more than that sum; if the sale does not realize more than that sum, over and above all costs and expenses, said sale shall be null and void."
Whereas the 1921 Constitution provided for a $4,000.00 exemption, the 1974 Constitution has provided for a $15,000.00 exemption, however, the 1974 Constitution has continued as a statute that language found in Article XI, § 1, La.Const. (1921). Thus, the sale takes place, however, if the sale does not realize more than $15,000.00 over and above all costs and expenses, the sale is null and void. The Trial Judge was therefore in error in enjoining the sale. The sale must be allowed to take place, and if not more than $15,000.00 over and above all *1245 costs and expenses is realized, the sale is null and void. If the sale realizes more than $15,000.00, then the appellees are entitled to the sum of $15,000.00.
The appellant further contended that the Trial Judge was in error as to the reference by the Trial Judge in his written reasons for judgment that even though the mobile home may be an immovable it was still subject to the exemption. Inasmuch as this Court has concluded that the mobile home in this case is an immovable by nature, and thus subject to the exemption, there is no need for us to discuss this specification of error.
Therefore, for the above and foregoing reasons the judgment of the Trial Court as to its enjoining the sheriff's sale is reversed and set aside, and in all other respects judgment of the Trial Court is affirmed. All costs of this appeal to be paid equally by appellant and appellees.
AFFIRMED IN PART AND REVERSED IN PART.