357 So.2d 1360 (1978)
LIBERTY MUTUAL INSURANCE COMPANY
v.
ADS, INC. of Louisiana.
No. 8944.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
*1361 Law Office of Bruce J. Borrello, Stephen L. Huber, George J. Richaud, Metairie, A. Miles Pratt, III, New Orleans, Denise M. D'Aunoy, Metairie, A. Miles Pratt, III, New Orleans, for plaintiff-appellee.
Dodd, Barker, Boudreaux, Lamy & Gardner, New Orleans, Daniel S. Foley, New Orleans, for defendant-appellant.
Before REDMANN, GARSAUD and DeSONIER, JJ.
GARSAUD, Judge.
This suit was instituted in First City Court of New Orleans by plaintiff-appellee, Liberty Mutual Insurance Company, against defendant-appellant, Ads, Inc., to recover $631.70 allegedly due in unpaid premiums on an all risk insurance policy. This policy was issued by Liberty Mutual for a one-year period beginning August 1, 1974, covering 36 electric or neon signs owned by Ads, Inc. and leased by it to various businesses. The initial one-year policy was extended for an additional year. The total coverage provided under the policy was $90,000, with a policy limit of $2,500 per sign.
Defendant Ads, Inc. filed a reconventional demand for recovery of $2,442.06 allegedly owed to it by plaintiff for 29 separate claims of loss or damage incurred between November 15, 1974 and January 1, 1976. This suit arises out of a difference between plaintiff's and defendant's interpretations of the deductible clause in the policy.
After a trial on the merits, the trial judge dismissed both the original and the reconventional *1362 demands. Defendant/plaintiff-in-reconvention has appealed from the dismissal of its reconventional demand.
The parties have stipulated to the following issues on appeal:
"(1) The proper determination of the deductible based upon the contract;
(2) The admissibility of the prior practice of calculating the deductible in claims prior to this dispute;
(3) The admissibility of the testimony of Liberty Mutual's employee, Mr. Todt, regarding the method he would use to compute the deductible under the policy in question."
With regard to the first issue, there is no real dispute whether Liberty Mutual owes Ads, Inc. some amount for the claims Ads, Inc. filed. The amount, however, depends on the construction given to the policy's deductible clause. The troublesome clause reads as follows:
"Each claim for loss or damage (separately occurring) shall be adjusted separately and from the amount of each such adjusted claim there shall be deducted a sum equivalent to 5% of the amount of insurance on the insured item lost or damaged, but not less than $10.00 nor more than $100.00 any one item." (Emphasis added.)
Liberty argues that the 5% applies to the amount of insurance coverage on each sign or on $2,500. Thus, each loss is limited by a $100 deductible. Ads, Inc. argues that the 5% applies to the amount of each loss with a $100 maximum.
Part of the misunderstanding unquestionably arose from the slightly different language used in the Binder initially issued to Ads, Inc. to evidence coverage under the policy for the limited period from August 1, 1974 to October 1, 1974. The deductible language contained in the Binder said,
"Each claim for loss or damage shall be adjusted separately and from the amount of each such adjusted claim, the sum of 5% shall be deducted. Maximum $100." (Emphasis added.)
Ads, Inc. submitted three claims for various amounts during the period of the Binder's effectiveness. For two of the claims the deductible was calculated as 5% of the claim submitted ($10.52 on a $210.50 claim and $14.29 on a $285.80 claim). Five percent of the third claim (for $199.62) was less than $10.00, so the minimum figure of $10.00 was deducted. On all claims made after October 1, 1974, however, Liberty Mutual calculated a deductible of $100.00 per claim because 5% of the amount of insurance per sign ($2,500.00 × 5% = $125.00) was greater than the maximum deductible of $100.00.
If the language of an insurance contract is clear and expresses the intention of the parties, then the contract will be enforced as written. Any ambiguities, however, will be construed against the insurer. C.C.Art. 1945(3); Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975); Thomas v. Protective Life Ins. Co., 319 So.2d 878 (La. App. 3rd Cir. 1975); Dean v. Union Natl. Fire Ins. Co., 301 So.2d 925 (La.App. 2d Cir. 1974); Jennings v. Louisiana & Southern Life Ins. Co., 280 So.2d 297 (La.App. 1st Cir. 1973); Sylvest v. Employers Liability Assurance Corp., 252 So.2d 693 (La.App. 1st Cir. 1971); Labbe v. Mt. Beacon Ins. Co., 221 So.2d 354 (La.App. 4th Cir. 1969). The words used in this policy are quite clear and not ambiguous. The policy provides for a deductible of "5% of the amount of insurance on the insured item," subject to a maximum of $100.00 and a minimum of $10.00. Each "item" insured by the policy is each individual sign, insured for $2,500 apiece. There is nothing to indicate that each item insured is the letters on the face or any other part of an individual sign, with an attendant reduced coverage. The $10 minimum and $100 maximum is a standard provision in the policy which becomes operative and specific when the amount of insurance coverage is established, e. g., $2,500. That language does not imply that the deductible is based on the variable amount of losses.
Neither is there any language in the policy which would indicate that the intention *1363 of the parties was to have the deductible in the policy be calculated on 5% of the amount of the claim, even though this was the method used under the Binder. It is the policy which controls and the Binder does not constitute part of the policy, nor does it create any rights for Ads, Inc. other than during its effective period. R.S. 22:628; Commercial Credit Equipment Corp. v. Evans, 302 So.2d 727 (La.App. 3rd Cir. 1974).
Liberty Mutual's interpretation of the policy is the correct one and, as a result, the amount owing on Ads, Inc.'s claims is $745.06 (29 claims were submitted, 21 of those claims are for less than the deductible amount of $100, and therefore nothing is owed on them. The eight remaining claims total $1,545.06 from which eight $100 deductibles are subtracted to reach the amount owed). When the amount of past-due premiums owed by Ads, Inc. to Liberty Mutual is applied as a set-off against these claims, $113.36 remains due to Ads, Inc. on its claims.
Concerning the issue of the admissibility of extrinsic evidence to show prior method of payment and the intent of the parties, it is our view that the evidence should not have been admitted. Article 2276 of the Civil Code provides that "[n]either shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." Other than in an action for reformation for mutual mistake, the sole exception to this general rule excluding parol evidence is that uncertainties or ambiguities in the language may be clarified by parol evidence. As was stated in Capizzo v. Traders & General Ins. Co., 191 So.2d 183 (La.App. 3rd Cir. 1966), and quoted in Mid-Continent Underwriters, Inc. v. Rodrigue, 323 So.2d 518 (La.App. 4th Cir. 1975),
"[W]hen the provisions of a written contract are clear and unambiguous, the contract cannot be varied, explained or contradicted by parol evidence, and the meaning or intent of the contracting parties must be sought within the four corners of the instrument." 191 So.2d at 187.
There being no ambiguity in the wording of the insurance policy provisions, the extrinsic evidence introduced to show a purported different intention of the parties must be regarded as inadmissible.
With regard to the third stipulation, Ads, Inc. may have been confused by the Liberty Mutual agent, who represented that the deductible would fluctuate according to the amount of the claim. Nonetheless, representations of an agent cannot enlarge or extend coverage beyond what is provided in the policy. Smith v. Republic National Life Ins. Co., 335 So.2d 739 (La. App. 2d Cir. 1976), and authorities cited therein. Thus, his testimony on the point was inadmissible and should have been excluded by the trial judge as parol evidence which is not allowed to change the terms of an unambiguous policy.
The judgment dismissing the reconventional demand is reversed. Judgment is rendered in favor of defendant/plaintiff-in-reconvention, Ads, Inc., for $113.36 ($745.06 less set-off of $631.70 for past-due premiums), with reasonable attorney's fees of $500.00, statutory penalties of 12% of the judgment,[1] and all costs.
REVERSED AND RENDERED
NOTES
[1] R.S. 22:658; plaintiff-appellee admitted to owing on defendant-appellant's claim, and the parties stipulated at trial to the amounts owed depending on the interpretation given to the policy.