392 So.2d 1089 (1980)
James E. BREAUX, Plaintiff-Appellee,
v.
George N. MAY, Defendant-Appellant.
No. 7902.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Rehearing Denied February 9, 1981.
*1090 Bailey & Hollier, George J. Bailey, Lafayette, for defendant-appellant.
McBride & Brewster, Norman P. Foret, Lafayette, for plaintiff-appellee.
Before FORET, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This suit arises out of a dispute over the interpretation of a written contract entered into by plaintiff, James E. Breaux, and defendant, George N. May, on May 15, 1969. Pursuant to the agreement, the parties associated in the practice of paleontology from May, 1969 to July, 1978. Their practice consisted of examining samples obtained by operators of petroleum exploration wells, and reporting significant fossils and the depth at which they were found. This information aids well operators in directing drilling operations.
Prior to their association, defendant had practiced paleontology for 24 years. During that time, he established a regular clientele and acquired office facilities and furnishings. In addition, he accumulated an estimated 2,406 copies of written well reports, which have a market value in the petroleum industry. Plaintiff, who had practiced paleontology for 10 years, moved into defendant's offices, and together they did business under the title "George N. May & Associates".
Following the termination of their professional relationship, a conflict arose over the ownership of the assets of the business. Plaintiff claimed an undivided 25% interest in all of those assets, including the well reports and office furniture, which defendant had acquired prior to their association. Defendant acknowledged plaintiff's interest in the assets that they accumulated while working together. However, he challenged plaintiff's claim to the assets that he had acquired prior to that time.
Plaintiff brought this suit, seeking a declaration of his ownership and an accounting by defendant of the status of the business. Following a trial, judgment was rendered in plaintiff's favor, recognizing his ownership of the interest that he claimed, and ordering defendant to render an accounting of the status of the business within a reasonable time. From that judgment, defendant appealed.
The sole issue presented by this appeal is whether the trial judge erred in finding that plaintiff owns an interest in the business assets that defendant amassed prior to May 15, 1969.
The trial judge's finding was based on the language of the contract, which provides in part:
"I will give you 5% of the business a year for five years or a total of 25%. In the event of my retirement or death during the first five years, you may purchase the remaining interest of mine for $10,000.00, excluding my microscope and light. If, however, I continue to work five years, you may purchase 24% for a total of 49% for $4,900.00. In the event of my retirement or death after five years you will have earned my 51% interest.
* * * * * *
"If you are totally disabled or killed during the first five years, your wife will be paid at the rate of $1,000.00 per year for the portion of the business you have *1091 earned to that time. If you decide not to stay in this business for at least three years, you forfeit all interest except on wells we have done." (Emphasis added.)
He concluded that within the context of the agreement, and in particular the language highlighted above, the term "business" clearly and unambiguously refers to all of the assets of the business, including those acquired prior to the date that the contract was executed. He therefore rejected parol evidence proffered by defendant to prove that the parties intended to limit its meaning to future assets and liabilities.
On appeal, defendant argues that the trial judge erred in excluding his parol evidence. We disagree. It is well settled that when the terms of a written contract are clear and unambiguous, the contract cannot be varied, explained or contradicted by parol evidence. In such cases, the meaning or intent of the parties to the contract must be sought within the four corners of the instrument. LSA-C.C. Art. 2276; Capizzo v. Traders & General Insurance Company, 191 So.2d 183 (La.App. 3rd Cir. 1966); Liberty Mutual Insurance Company v. Ads, Inc., 357 So.2d 1360 (La.App. 4th Cir. 1978).
Our examination of the contract has not convinced us that the trial judge was clearly wrong in concluding that it is free from ambiguity and uncertainty. The term "business" is ordinarily understood to mean all of the assets and liabilities associated with an enterprise. We find nothing in the language of the agreement suggesting that the parties intended to limit its meaning to future assets and liabilities. On the contrary, the contract clearly shows that by joining in defendant's ongoing venture, plaintiff was to acquire more than an interest in the results of their joint efforts subsequent to the date of the agreement. We therefore find no error in the trial judge's rejection of defendant's parol evidence, or in his rendering judgment in plaintiff's favor.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.