595 So.2d 402 (1992)
Dolfie J. ROMERO, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 90-999.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Caffery, Oubre, Dugas & Campbell, Lewis Pitman, Jr., New Iberia, for plaintiff-appellee.
David M. Kaufman, Michael J. Breaux, Lafayette, for defendant-appellant.
Before GUIDRY, CULPEPPER[*] and MARCANTEL[*], JJ.
CULPEPPER, Judge.
This is a suit for benefits under the theft coverage of an insurance policy on a motor home. The plaintiff, Dolfie J. Romero, is the named insured owner of the vehicle. Defendant, State Farm Mutual Automobile Insurance Company, is the insurer. The trial judge held for the plaintiff and awarded $14,000.00. Defendant appealed.
The issue is the application of the conversion exclusion to the theft coverage under the policy.

FACTS
There is little dispute as to the facts. In 1983 plaintiff purchased a Winnebago motor home for $18,000.00, and insured it with defendant. In early 1985, plaintiff decided to sell the vehicle. He took it to Bobby Ford of Bobby's R.V. and Auto Sales and entered into a "consignment agreement," appointing Bobby's as his agent for a term of ninety days, beginning March 24, 1985, to sell the vehicle for a minimum price of $14,000.00, any excess to be the agent's fee. There is a dispute as to whether the agreement authorized Bobby's to sell the vehicle or only to find a buyer to whom plaintiff would sell.
*403 On April 17, 1985 Bobby's sold the motor home to Ronald Johnson for $16,000.00, without notifying plaintiff or paying him the $14,000.00. Johnson called plaintiff seeking the title certificate, which plaintiff refused to deliver.
Johnson sued Romero and Bobby's for the title certificate and damages. Romero answered alleging there was no valid sale to Johnson. The court held the sale valid and ordered Romero to deliver the title certificate to Johnson, with which Romero complied.
Romero then filed the present suit against State Farm alleging theft of the motor home by Bobby Ford and seeking insurance benefits plus penalties and attorney fees. The trial judge awarded plaintiff $14,000.00 for benefits, but denied penalties and attorney's fees.

DECISION
Section IV, "Comprehensive-Coverage D" of the policy provides payment for loss of the vehicle, including theft, limited to actual cash value. Then the policy provides certain exclusions as follows:
"WHEN COVERAGES D, F, G, H, R, AND R1 DO NOT APPLY THERE IS NO COVERAGE FOR:
* * * * * *
3. LOSS TO ANY VEHICLE DUE TO:
* * * * * *
d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY PERSON WHO HAS THE VEHICLE DUE TO ANY LIEN RENTAL OR SALES AGREEMENT."
The trial judge gave written reasons finding the policy ambiguous, principally because the definition of "theft" under the criminal laws of Louisiana, LSA-R.S. 14:67, includes also the common law crime of conversion.
This court held to the contrary in Commercial Credit Equipment Corporation v. Evans, 302 So.2d 727 (La.App. 3 Cir. 1974). In that case the defendant Evans purchased a tractor and financed it with Commercial Credit who insured it with Calvert Fire Insurance Company. Evans entrusted the tractor to a business associate to sell. The associate sold the tractor but kept the money. Commercial Credit sued Evans on the mortgage note and Evans filed a third party demand against the insurer under its theft coverage. The issue on appeal was the application of a conversion exclusion similar to that in the present case. The court upheld the exclusion, stating:
"Plaintiff's contention on appeal is that Louisiana does not recognize the crimes of embezzlement or conversion which are common law offenses. Since Louisiana has only the crime of theft (LSA-R.S. 14:67) it is argued that the exclusions in the insurance policy have no effect.
* * * * * *
We are not considering a criminal case where, of course, the law is stricti juris. Rather, we are considering defendant's rights in a civil matter. The wording of the policy is obviously intended to exclude situations where the property is voluntarily entrusted to some person and that person embezzles or converts the property."
In the present case the trial judge distinguished Commercial Credit Equipment v. Evans, supra, on the basis of a difference in policy language. In Commercial Credit the theft coverage and the conversion exclusion are in the same sentence, stating coverage for "theft (excluding embezzlement or conversion)". In the present case the conversion exclusion, quoted above, is in a separate section of the policy following theft coverage. We do not agree that this is a valid basis for distinguishing Commercial Credit.
The trial judge also found the policy ambiguous because the exclusion, quoted above, means there is coverage only if section "D" (which provides the theft coverage) does not apply. He then states that in the present case section "D" does apply, so the exclusion does not apply. We do not agree with this analysis. The phrase "When coverages D.... Do Not Apply" simply prepares the reader for the list of *404 exclusions which follows. We find no ambiguity in this regard.
The trial court also found that the consignment agreement was not a "Sales Agreement" within the meaning of the conversion exclusion because it does not expressly give the agent authority to sell the vehicle. Our interpretation of the consignment agreement is that it clearly contemplates a sale of the vehicle while it was in Bobby's possession for ninety days. Thus Bobby's had possession under a "Sales Agreement", regardless of whether Bobby's had authority to sell the vehicle or to procure a purchaser to whom Romero would sell. This conforms to the trial court's decision in the prior suit by Johnson against Romero, that there was a sale and Johnson owns the vehicle.
Applicable here is the jurisprudence that the rules governing interpretation of written agreements apply to insurance contracts. Although any ambiguity will be construed against the insurer, where the language is clear the agreement will be enforced as written. All of the terms and provisions of a policy must be construed together to ascertain the true intent of the parties. Percy v. Safeguard Insurance Company, 460 So.2d 724 (La. App. 3 Cir.1984).
Construed as a whole, we find the policy clear and unambiguous. Conversion is excluded from theft coverage, and there clearly was a conversion in this case.
For the reasons assigned, the judgment appealed is reversed. Judgment is now rendered in favor of defendant dismissing plaintiff's suit. Costs in the trial and appellate courts are assessed against the plaintiff.
REVERSED AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.