243 So.2d 902 (1971)
Julian D. HAMMOND, Sr., Plaintiff-Appellant,
v.
The NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
No. 3273.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1971.
Rehearing Denied February 24, 1971.
*903 Mansour & Lauve, by Alfred A. Mansour, Alexandria, for plaintiff-appellant.
Stafford, Pitts & Bolen, by Richard R. Storms, Alexandria, for defendant-appellee.
Before SAVOY, HOOD and DOMENGEAUX, JJ.
SAVOY, Judge.
Does a war exclusionary provision in a life insurance policy prohibit the collection of accidental death benefits (double indemnity benefits) by a beneficiary where the insured died as a result of a fire while serving in the U. S. Naval Reserve aboard an aircraft carrier in the Gulf of Tonkin? This is the res nova question presented for our decision on this appeal.
The record reflects that defendant issued two separate life insurance policies covering the life of Julian D. Hammond, Jr.; policy number 18428197 issued on September 4, 1939, in the face amount of $500.00; and policy number 857571 issued on December 7, 1943, in the face amount of $2,500.00. Both policies provided for double indemnity benefits in the case of death by accidental means as defined in the policies. Defendant paid the beneficiary the sum of $3,000.00, representing the face amounts of the two policies but resisted payment of double indemnity benefits because of the war exclusionary clauses contained in both policies.
Policy number 18428197 contained the following exclusion:
"* * * no Benefit for death by accidental means will be paid if the death of the insured shall result from suicide, sane or insane, or injuries sustained while enrolled in military, naval, or allied service in time of war * * *."
Policy number 857571 contained the following exclusion:
"Suspension of Benefit. Discontinuance. Automatic Termination. The agreement shall be automatically suspended while the insured is enrolled in military, naval or any associated service in time of war and no premium for the agreement shall be required during any such period of suspension."
Plaintiff and defendant stipulated to the following facts:
Plaintiff's son, Julian D. Hammond, Jr., the insured, died on October 26, 1966, at the age of 32. At the time of his death, the insured was serving as a lieutenant in the U. S. Naval Reserve aboard the aircraft carrier, Oriskany, in the Gulf of Tonkin. A fire was accidentally started on the Oriskany when a live or hot flare was dropped on the deck by one of the crew members. The fire and resulting death of the insured was not due to any enemy or combat action. At the time of the insured's death, U. S. Military Forces, pursuant to U. S. Government policy, were engaged *904 in extensive ground and air combat in Viet Nam, and that the Congress of the United States had not at that time nor since then declared was against the North Vietnamese.
Upon the above stipulated facts the trial court held that the two war exclusionary provisions quoted above were operative, and that defendant did not have to pay the double indemnity benefits provided in the two policies. From this adverse judgment plaintiff has appealed, contending that double indemnity benefits were due insofar as there had been no formal declaration of war in the Viet Nam conflict.
We are unable to find any Louisiana jurisprudence expressly interpreting the phrase "in time of war" as contained in the exclusionary provisions in the life insurance policies with which we are here concerned. Other states have interpreted the phrase as relating to the Korean conflict with divergent results. Plaintiff relies upon the case of Beley v. Pennsylvania Mutual Life Insurance Company, 373 Pa. 231, 95 A.2d 202; and defendant relies upon Stanbery v. Aetna Life Insurance Company, 26 N.J.Super. 498, 98 A.2d 134.
In Beley, supra, the insured was killed in action in Korea in 1951 while serving with the U. S. Army; and the court held for the insured stating that there had never been a declaration of war by Congress; and that the existence or nonexistence of a state of war is a political and not a judicial question. The court, in emphasizing there had been more than 150 occasions between 1798 and 1945 in which our military forces were engaged in various countries, felt that to include conflicts or hostilities other than those formally declared by Congress would leave the insureds without any definite and uniform standard as to whether recovery was or was not possible.
The court in the Stanbery case, supra, gave the word "war" a non-technical meaning and denied recovery where the insured was killed in the course of duty in Korea in 1952.
It is well settled that in cases of ambiguity, policy provisions are construed most favorably to the insured and against insurer. Also, that limitations and exceptions to coverage of the policy must be clearly expressed, and in case of doubt are construed unfavorably to the insurer who drafted the policy. Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3 Cir. 1967); Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171. See also Bunch v. Frezier, 239 So.2d 680 (La. App. 1 Cir. 1970).
In our opinion the exclusionary clauses in the policies were ambiguous, and that at the time of his death, Julian D. Hammond, Jr., was not enrolled in military, naval or associated service "in time of war" as stated in the exclusionary provisions of the two insurance policies in the instant case; and, therefore, plaintiff is hereby allowed to recover the additional sum of $3,000.00 under the double indemnity benefit provisions of the policies.
In his prayer plaintiff has prayed for interest at the rate of 6% per annum from demand for payment under the provisions of LSA-R.S. 22:656, which statute provides:
"All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days from the date of receipt of due proof of death and should the insurer fail to do so without just cause, then the amount due shall bear interest at the rate of six per cent per annum from date of receipt of due proof of death by the insurer until paid."
It is our opinion that defendant had just cause for non-payment under the double indemnity provisions of the policies, and that LSA-R.S. 22:656 is not applicable.
For the reasons assigned the judgment appealed is reversed, and judgment is rendered in favor of plaintiff, Julian D. Hammond, Sr., and against defendant, The National *905 Life & Accident Insurance Company, in the sum of $3,000.00.
Costs in the district court and on appeal are assessed against defendant.
Reversed and rendered.