250 So.2d 42 (1971)
Mary B. THOMAS, Plaintiff-Appellee,
v.
FIRST NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 3440.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1971.
*43 Normann & Normann, by Michael A. Britt, New Orleans, for defendant-appellant.
Louis Berry, Alexandria, for plaintiff-appellee.
Before SAVOY, MILLER and DOMENGEAUX, JJ.
SAVOY, Judge.
This appeal involves the interpretation of an exclusionary clause in a life insurance policy providing benefits for accidental death. The policy in question was issued on the life of plaintiff's husband who was killed as the result of severe injuries received in an automobile accident. Plaintiff was the beneficiary on the life insurance policy.
The exclusionary provision of the life insurance policy reads in part:
"This policy does not cover death or injury to the insured (1) caused by the intentional act of the insured, or any other person, while sane or insane; (2) while fighting, resisting arrest or violating the law; * * *."
Defendant resisted payment of the benefits contending that the insured died of injuries received while he was operating his vehicle in violation of the law insofar as he was struck by an oncoming automobile while he was attempting to make a left turn off a highway into his private driveway.
A trial on the merits resulted in a judgment for plaintiff in the sum of $2,000.00 along with penalties of 6%.
Defendant appealed suspensively contending that the trial court erred in allowing recovery when the insured died of injuries received while he was violating the law, namely certain provisions of the Louisiana Highway Regulatory Act.
Counsel for defendant argues in part that the trial court incorrectly admitted testimony constituting dying declarations of the insured into evidence which were favorable to the insured. Conceding arguendo that even if the testimony was not admissible, we feel there is sufficient evidence in the record to support a finding of negligence on the part of the insured in the operation of his vehicle, and for the purpose of this decision will assume that the insured had violated certain provisions of the Highway Regulatory Act such as LSA-R.S. 32:104 or LSA-R.S. 32:101.
Assuming the insured had violated either of the two statutes mentioned in the foregoing paragraph, would this have prevented his beneficiary from obtaining the accidental death benefits under the exclusionary clause above? We think not. Insurance contracts should be given a sensible interpretation compatible with the design and intent of the parties, and any uncertainty or ambiguity in their provisions should be construed against the insurer. See Hebert v. North British and Mercantile Insurance Company, 204 So.2d 655 (La.App. 3 Cir. 1967) and cases therein cited. In the recent case of Hammond v. National Life & Accident Insurance Company, 243 So.2d 902 (La.App. 3 Cir. 1971), we said:
"It is well settled that in cases of ambiguity, policy provisions are construed most favorably to the insured and against insurer. Also, that limitations and exceptions to coverage of the policy must be clearly expressed, and in case of doubt are construed unfavorably to the insurer who drafted the policy. * * *." (Citations omitted.)
Likewise, exclusionary clauses in insurance policies are to be strictly construed. See Bezue v. Hartford Accident and Indemnity Company, 224 So.2d 76 (La.App. 1 Cir. 1969), and cases therein cited.
*44 To hold as counsel for defendant would have us do would not appear to be the intention of the parties to the insurance contract, that a violation of the law was to include a violation of provisions such as LSA-R.S. 32:104 or LSA-R.S. 32:101. The trial court, in its written reasons for judgment, made reference to the doctrine of "ejusdem generis" as supporting this conclusion and used the definition given in Vol. 14 Words and Phrases, page 203, as follows:
"The principle of `ejusdem generis', as applied to the construction of an insurance policy, is that when policy is ambiguous and is to be strictly construed against insurer and when there is an enumeration of a particular class of things followed immediately by general words descriptive of a class which might add things of the same general nature or things not of the same general nature, the general words are restricted to a sense analogous to that of the less general, when meaning is not otherwise clear and to do so would observe the duty of strict construction required. * * *."
The trial court then went on to say that the doctrine of "ejusdem generis" had found favor in the decisions of the courts of our state, citing Huie Hodge Lumber Company v. Railroad Lands Company, Ltd., 151 La. 197, 91 So. 676 (1922). In the Huie Hodge case, supra, the court had before it a reservation in a deed reserving to the vendor "the exclusive right to the iron, coal, and other minerals", and the court held this reservation of other minerals did not include gas and oil, stating:
"* * * Besides, the rule ejusdem generis requires that the words `other minerals' following the specific terms coal and iron be construed as intending or including other minerals of a character similar to coal and iron, such as solids or minerals in place, requiring mining, for their removal instead of drilling, etc. * *."
We hold, as did the trial court, that the policy in question should be interpreted so that a violation of the law refers back to the more descriptive phrases of law violations such as fighting and resisting arrest, and thus was intended to mean a violation of the law in similar matters.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
Affirmed.