278 So.2d 868 (1973)
Paul Jay ZOLLER
v.
STATE BOARD OF EDUCATION of Louisiana et al.
No. 9360.
Court of Appeal of Louisiana, First Circuit.
May 29, 1973.
W. Eugene Davis, New Iberia, and James A. George, Baton Rouge, for appellant.
*869 Wm. H. Cooper, Jr., Baton Rouge, for defendant-appellee, Fireman's Fund Ins. Co.
Kenneth C. DeJean, Asst. Atty. Gen., and Kenneth C. Scullin, Trial Atty., Baton Rouge, for defendant-appellee, State Board of Education.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
This is an appeal from a judgment granting a motion for summary judgment in favor of Fireman's Fund Insurance Company.
The plaintiff, Paul Jay Zoller, filed suit against the State Board of Education of Louisiana and Fireman's Fund Insurance Company, the liability insurer of the State Board, for damages alleged in his petition to have been suffered under the following circumstances:
On February 8, 1971 plaintiff was a student at Northwestern State University in Natchitoches, Louisiana and was on the football squad. He was required to participate in a weight lifting program under the supervision of his coaches, apparently as an off-season strength building activity. On the February date, he attempted to make a lift in excess of 300 pounds from a stand provided by the school and at that time felt and heard something snap in his back. He alleges severe injuries to his back including the rupture of an intervertebral disc. Plaintiff alleges several particulars of negligence on the part of the State Board of Education through its employees at Northwestern and also alleges deficiencies in the equipment provided by the school for the weight lifting activities. Plaintiff also alleges that Fireman's Fund Insurance Company was the liability insurer of the State Board of Education, and, as such, insured against negligent acts by employees of the school as well as the failure to furnish proper equipment.
Fireman's Fund Insurance Company filed a motion in the trial court for a summary judgment, reciting briefly the allegations of plaintiff, admitting that it had issued a policy of liability insurance to the school, but setting forth that by reason of an exclusion in the policy there is no genuine issue as to material fact and that the insurer is entitled to a judgment as a matter of law. The exclusion relied upon reads as follows:
"Exclusion (G302)
"(Athletic Participants)
"It is agreed that with respect to operations described below or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the named insured.
"Description of Operations
"Athletic Games sponsored by the insured management or supervision by the insured and in which majority of the participants are not employed regularly by the insured."
The contentions of the parties in this dispute are relatively simple. Plaintiff contends that he was not practicing for or participating in football at the time of his alleged injury, but was merely engaged in an off-season conditioning activity which would not fall within the exclusion. On the other hand, defendant insurer contends that plaintiff was practicing for football while engaged in his weight lifting activities and that there is no coverage. The issue, therefore, in its simplest terms is whether plaintiff was "practicing" football.
We believe that a reasonable argument can be made for both contentions. A reasonable man, in our opinion, could read the policy exclusion and conclude that a person doing weight lifting exercises in off-season, even though under the supervision of *870 his coaches or trainers, is not practicing for football, since football practice in the usual sense of the term covers practicing plays, passing, punting, blocking, tackling, and the like. This reasonable man would add the argument that such weight lifting activities as the military press, the clean and jerk, the one or two arm snatch, the curl, or the squat are obviously not practicing football.
An equally reasonable man could conclude that plaintiff was performing his weight lifting activities as an adjunct to football practice. By strengthening the muscles of his body, he was practicing for the game just as if he were blocking or tackling.
Thus, we have two equally reasonable interpretations of the exclusion clause in the insurance contract. We have been cited to no statutory or jurisprudential authority deciding the precise question before the court. We have found certain cases from other jurisdictions which interpret similar exclusion clauses, but these interpret the word "participating" rather than the word "practicing"; they are of no assistance in deciding the proper interpretation of the issue before the court. See Key Life Insurance Co. of South Carolina v. Tharp, 253 Miss. 774, 179 So.2d 555 (1965); Black Hills Kennel Club, Inc. v. Fireman's Fund Indemnity Company, 77 S.D. 503, 94 N.W.2d 90 (1959); The Glen Falls Group Insurance Company v. Simpson, 264 Ark. 654, 439 S.W.2d 292 (1969).
Finding that there are at least two equally persuasive and equally reasonable interpretations of the insurance policy in question leads us to the conclusion that in the context of the present dispute between plaintiff and defendant insurer, the insurance policy is ambiguous. Therefore, we must resolve the issue against the party who drafted the policy and its exclusionary clauses.
The law of Louisiana is clear that:
"... ambiguous language in insurance policies is construed most favorably to the insured and against the insurer defendant which prepared the contract." Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171 at 177 (1958).
This rule has been expressed similarly many times.
"Insurance contracts should be given a sensible interpretation compatible with the design and intent of the parties, and any uncertainty or ambiguity in their provisions should be construed against the insurer." Thomas v. First National Life Insurance Company, 250 So.2d 42 at 43 (La.App. 3 Cir. 1971).
As to exclusionary provisions of insurance policies, the rule has been stated as follows:
"Exclusionary clauses in an insurance policy are strictly interpreted." Bunch v. Frezier, 239 So.2d 680 at 683 (La. App. 1 Cir. 1970).
"... limitations and exceptions to coverage of the policy must be clearly expressed, and in case of doubt are construed unfavorably to the insurer who drafted the policy." Hammond v. The National Life and Accident Insurance Company, 243 So.2d 902 at 904 (La.App. 3 Cir. 1971); writ refused 258 La. 347, 246 So.2d 196.
Therefore, it appears to this court that the defendant insurer is not entitled to a judgment as a matter of law. Since this is true, the trial court erred in granting the motion for summary judgment. Odom v. Hooper, La., 273 So.2d 510 (1973).
Costs of this appeal are taxed against Fireman's Fund Insurance Company and costs of other proceedings are referred to trial on the merits.
Reversed and remanded.