503 So.2d 217 (1987)
Jack M. RAY, et al., Plaintiffs-Appellees,
v.
REPUBLIC VANGUARD INSURANCE COMPANY, Defendant-Appellant.
No. 85-905.
Court of Appeal of Louisiana, Third Circuit.
February 23, 1987.
*218 Stephen R. Wilson, Baton Rouge, for defendant-appellant.
Broderick C. DeJean, Opelousas, for plaintiffs-appellees.
Before DOMENGEAUX, KNOLL, JJ., and BROYLES[*], J. Pro Tem.
BROYLES, Judge Pro Tem.
Republic Vanguard Insurance Company (Republic) suspensively appealed the money judgment rendered in favor of plaintiffs in the sum of $2,500.00, of which $1,000.00 was the maximum under its medical pay provisions; the remainder was for penalties and attorney fees, for the alleged capricious failure to pay timely. Plaintiffs answered the appeal asking that the judgment herein be amended to include interest from the date of judicial demand, and further for an increase in attorney fees caused by the necessity of prosecuting this appeal.
The facts are not in dispute. The plaintiffs, Jack M. Ray and Jeanice Ray, husband and wife, owned two vehicles: a 1979 Ford pickup truck and a Peterbilt 18 wheeler. Although those vehicles were part of their community property, the title to the pickup truck was registered in Mrs. Ray's name, and insured by Republic; title to the Peterbilt was registered in the name of Mr. Ray.
On August 14, 1984, while driving the 18 wheeler, Mr. Ray was involved in an accident and sustained injuries for the treatment of which he incurred medical expenses far in excess of $1,000.00, the maximum of medical pay under the automobile insurance policy issued by Republic on the pickup truck. Because the insurance policy on the 18 wheeler contained no medical pay coverage, plaintiffs asserted their claim under the Republic policy. Republic refused payment, relying on the exclusionary clause hereinafter set forth, and this litigation ensued.
It is without dispute that Mr. Ray was an omnibus insured under his wife's policy on the pickup truck. That policy, however, contains an exclusionary clause (Coverage C  Automobile Medical Payment Division 2. (d)) as follows:
"This insurance does not apply ... to bodily injury sustained while occupying a highway vehicle owned by any insured..."
The lower court ruled the exclusionary clause "to be ambiguous in that it applied only to vehicles owned by insured  the subject vehicle was co-owned (community property  undisputed) by Mr. and Mrs. Ray", and rejected its application. (emphasis in the original)
It is well settled, of course, that any ambiguity in an insurance contract should be construed in favor of the insured, and against the insurer. Wilks v. Allstate Insurance Company 177 So.2d 790 (La.App. 3rd Cir.1965, writ refused).
The court, however, will not supply the ambiguity, or allow recovery "under the pretext of interpreting an ambiguity where none exists". Morrison on behalf of Morrison v. Miller 452 So.2d 390 (La. App. 3rd Cir.1984).
The rule of interpretation of words and phrases which favor the insured is inapplicable if dependent on strained constructions. Leonard, Tutrix of Bland v. Continental Assurance Company, et al. 457 So.2d 751 (La.App. 1st Cir.1984, writ denied), quoting from Authement v. Security Industrial Insurance Company of Donaldsonville 401 So.2d 402 (La.App. 1st Cir.1981) as follows (p. 403):
"... while exclusions, if ambiguous, will be construed so as to provide coverage, tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry."
Herein, the word purporting to create the ambiguity is the verb "owned". According to the argument contained in the brief of counsel for appellees, they contend that Mrs. Ray merely co-owned the vehicle *219 involved in the accident, and that the exclusionary clause should not preclude recovery. Following the appellee's reasoning, it would be necessary to show that Mrs. Ray had full ownership of the 18 wheeler for the exclusion to be applicable. This reasoning, however, is flawed. It creates a potentially inequitable result by permitting Mrs. Ray to acquire insurance as the "owner" of the pickup truck, while at the same time, disallowing the efficacy of the exclusionary clause because Mrs. Ray is not the sole "owner".
Another implausible result of this theory, if sustained, would be to allow a couple who owned, say, four vehicles, to take out insurance with medical pay provisions on one of them only, but enjoy medical pay coverage as to the other three, without paying premiums on the latter.
Words and phrases used in a contract of insurance are to be construed and interpreted in their ordinary and popular sense, rather than in a limited, philosophical, or technical sense. Thomas v. Protective Life Insurance Company 319 So.2d 878 (La.App. 3rd Cir.1975).
We find no ambiguity in the exclusionary clause. Just as the whole is equal to the sum of its parts, so should ownership embrace or include co-ownership, within the meaning of the exclusion. In view of our conclusion herein, it is not necessary to consider plaintiffs' requests contained in their answer to the appeal.
The judgment appealed is reversed at the cost of appellees, both at trial and on appeal.
REVERSED AND RENDERED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.