520 So.2d 1122 (1987)
Minus J. TAYLOR, Plaintiff-Appellant,
v.
MUTUAL OF OMAHA INSURANCE CO., Defendant-Appellee.
No. 86-1210.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Domengeaux & Wright, William P. Rutledge, Lafayette, for plaintiff-appellant.
Boggs, Loehn & Rodrigue, Thomas E. Loehn, New Orleans, for defendant-appellee.
*1123 Before DOUCET and KING, JJ., and CULPEPPER[*], J. Pro Tem.
DOUCET, Judge.
Plaintiff, Minus J. Taylor, appeals from a summary judgment granted in favor of defendant, Mutual of Omaha Insurance Company (Mutual).
On or about December 9, 1982, plaintiff injured his back working on a derrick barge. At the time he was employed by H & B Marine (H & B) which, subsequent to the accident, began paying him maintenance and cure. Plaintiff was also covered by two health insurance policies issued by Mutual. At some point before this action was instituted plaintiff filed claims with Mutual seeking to recover benefits for the cost of medical treatment received for his back injury. Mutual filed a motion for summary judgment citing provisions in both policies which excluded coverage of "loss for which any benefits are provided for by workmen's compensation or employer's liability laws."
Neither plaintiff nor his counsel made an appearance at the August 15, 1986 hearing on defendant's motion for summary judgment. Defendant presented copies of plaintiff's insurance policies containing the exclusionary provision and a statement of uncontested facts which had been filed in a suit brought by plaintiff in federal court against H & B. One of the uncontested facts was that H & B had paid every medical bill presented to them by doctors, hospitals or plaintiff "during the course of plaintiff's recovery." In support of its motion defendant also presented copies of cancelled checks (which had also been filed into evidence in federal court) showing that between February 13, 1983 and December 6, 1985, H & B paid a total of $13,384.69 for plaintiff's medical expenses.
Defendant also filed in evidence two claim forms submitted by plaintiff seeking payment or reimbursement of costs of medical treatment rendred by Dr. Louis Blanda in the amount of $2,360.00 and for the costs of services rendered by Lafayette Anesthesia Services in the amount of $660.00. Those claim forms were dated May 4, 1984 and July 8, 1983, respectively, although the services by Dr. Blanda were rendered from July 21, 1983 to July 25, 1983.
Finding that "the exclusion controls", the trial court granted defendant's motion. On appeal plaintiff claims that the court erred in granting the summary judgment because, (1) the exclusion is ambiguous and should have been construed against the defendant, and (2) even if the exclusion was not ambiguous, plaintiff's medical bills have not been paid and therefore the exclusion is not applicable.
La.C.Cr.P. art. 966 provides for summary judgments and states in pertinent part:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubt is resolved against granting of summary judgment and in favor of trial on the merits. Ray v. Associated Indemnity Corporation, 373 So.2d 166 (La.1979); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Bartlett v. Calhoun, 430 So.2d *1124 1358 (La.App. 3rd Cir.1983), writ denied, 438 So.2d 575 (La.1983).
Plaintiff first argues that the exclusionary provision which states, "This policy does not cover loss for which any benefits are provided for by workmen's compensation or employer's liability laws," does not exclude from coverage an injury to a seaman, such as plaintiff, while in the service of his vessel for which he is entitled to maintenance and cure. We disagree.
Maintenance and cure are centuries old remedies under general maritime law. "Cure" involves the payment of therapeutic, medical, and hospital expenses not otherwise furnished to the seaman until the point of maximum cure. Pelotto v. L & N Towing Company, 604 F.2d 396 (5th Cir. 1979). The liability of the shipowner in case of sickness, injury, or death of seamen was also set forth in the Shipowners' Liability (Sick and Injured Seamen) Convention, 1936, 54 Stat. 1693. Article 2 of that convention states in part:
"1. The shipowner shall be liable in respect of
(a) sickness and injury occurring between the date specified in the articles of agreement for reporting for duty and the termination of the engagement;"
Article 4 covers the "cure" which the employer is liable for and states in part:
"1. The shipowner shall be liable to defray the expense of medical care and maintenance until the sick or injured person has been cured, or until the sickness or incapacity has been declared of a permanent character."
It cannot be argued but that under general maritime law before 1936, and, later, under 54 Stat. 1693, maintenance and cure are owed an injured seaman by his employer by virtue of "employer's liability laws" as contemplated by the exclusionary provision. We find no ambiguity in this regard. See also generally: Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503 (1951); Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949).
Plaintiff next argues that the exclusion only applies for losses for which benefits are actually paid pursuant to employer liability laws. He claims there is no proof that the medical expenses for which he claims benefits under the insurance policies were even paid by H & B. In his brief on appeal plaintiff claims that he injured his back, went to a hospital for back surgery, and generated a bill for $6,000.00. He claims he turned the bill over to defendant who refused to pay it.
Plaintiff instituted this action on October 4, 1984, claiming that defendant has arbitrarily refused to honor plaintiff's claim for benefits under the policies. H & B claims that it paid all of plaintiff's medical bills submitted to them during the course of plaintiff's recovery. This claim was made on July 10, 1986. On July 29, 1986, in an answer to an interrogatory propounded in the federal suit, H & B asserted that it had been advised by plaintiff of additional medical bills in the amount of $6,000.00, copies of which it had not yet received.
It is not disputed that H & B has paid various medical expenses of plaintiff totalling at least $13,384.69. This included over $4,000.00 for services rendered by Dr. Blanda who performed the surgery on plaintiff's back and $638.00 to Lafayette Anesthesia Services. The bulk of these payments were made after plaintiff filed this suit.
H & B is bound by law to pay "cure" to plaintiff (pay his medical expenses) until the point of "maximum cure." Maximum cure is reached when it appears that "the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition." Pelotto v. L & N Towing Company, supra. The record contains letters from three physicians, including Dr. Blanda, dated September 24, 1985, November 14, 1985, and April 15, 1986. All of the physicians feel that plaintiff would not benefit from further surgery but that he is disabled and suffers from pain. In other words, plaintiff has reached the point of maximum cure, approximately September 1985. H & *1125 B has no qualms about paying "cure" until that point and has paid over $13,000.00.
Plaintiff is apparently grounding its assertions on appeal based upon $6,000.00 in medical expenses which were incurred after this suit was filed. We believe defendant has met its burden of showing that H & B has paid all of plaintiff's medical expenses, at least those for services rendered until September 1985. Therefore the exclusionary provision applies as to those expenses and there is no genuine issue as to material fact.
In dicta we will say that plaintiff is not precluded, under the exclusionary provision, from filing a claim for benefits for medical expenses otherwise covered under the policy and incurred after reaching the point of maximum cure which H & B would not be responsible for. The exclusionary provision does not exclude coverage for all medical expenses relating to a single injury merely because some of those expenses were covered by benefits pursuant to employer liability laws. If the provision is somewhat ambiguous in this respect the ambiguity should be construed in favor of the insured and against the insurer. See Ray v. Republic Vanguard Insurance Company, 503 So.2d 217 (La.App. 3rd Cir. 1987); Wilks v. Allstate Insurance Company, 177 So.2d 790 (La.App. 3rd Cir.1965), writ denied, 248 La. 424, 179 So2d 18 (1965).
For the reasons assigned we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.