YELVERTON, Judge.
James R. Fontenot, the insured under a homeowner's policy, brought this action seeking insurance recovery for the theft of a three-wheel motorcycle. The lower court found for the insured, resolving what the court regarded as ambiguities in the policy in Fontenot’s favor. The insurer, Louisiana Farm Bureau Mutual Insurance Company, appealed, and the policyholder answered the appeal seeking attorney’s fees and penalties. We reverse, finding no coverage, and render judgment in favor of the insurer.
Fontenot owned a Honda three-wheel motorcycle which was stolen from his home. The insurer had issued a homeowner’s policy which provided coverage for theft of unscheduled personal property. The insurer asserted that this coverage excluded this type of vehicle.
*553 At trial the parties stipulated that (1) the value of the Honda three-wheel motorcycle was $1,941.40; (2) it was a recreational motor vehicle; (3) the vehicle was stolen; (4) the vehicle was on plaintiffs premises at the time of the theft; (5) the motorcycle was not a vehicle pertaining to the service of the premises, and it was not licensed for road use.
Of two issues raised on appeal, the first is whether the trial court erred in its finding that the insurance policy is ambiguous and therefore must be resolved in favor of the insured. The second is whether, if we affirm, defendant’s refusal to pay plaintiffs claim was arbitrary and capricious.
La.C.C. Article 2047 mandates that the words of a contract be given their generally prevailing meaning.
This court, in Ray v. Republic Vanguard Insurance Company, 503 So.2d 217 (La.App. 3rd Cir.1987), stated that where there is no ambiguity, the court will not supply the ambiguity. If an exclusion is ambiguous, this exclusion will be construed so as to provide coverage. However, if coverage is dependent on strained constructions, coverage will not be imposed. Id.
In the instant case, the purported ambiguous word is motorized. Webster’s Ninth New Collegiate Dictionary (1984) defines motorize as “to equip with a motor”. In Thomas v. Protective Life Insurance Company, 319 So.2d 878 (La.App. 3rd Cir.1975) this court said that words in an insurance contract are to be interpreted in their ordinary sense. As used in the exclusion clause here, the term motorized vehicle means a vehicle equipped with a motor. The stipulation by the parties recognizes that the Honda motorcycle equipped with a motor.
The stipulation further provides that the vehicle was not a vehicle pertaining to the service of the premises and it was not licensed for road use. This stipulation is almost an exact duplication of the wording used in the policy’s exclusion clause.
The trial judge based his judgment on the “contradictions between the various pertinent provisions of the policy”. The provisions referred to have to do with slight variations in nomenclature used in Section I coverage and Section II coverage.
The homeowner’s policy issued to James is divided into two sections. Section I covers property loss but excludes “motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use”.
The policy’s Section II covers personal liability. Section II coverage excludes damage arising out of the ownership, maintenance, operation, use, loading or unloading of any motor vehicle or any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the premises. There is a definitions list called “Additional Definitions” at the end of the policy but it recites that it applies only to Section II coverage. It distinguishes between, and defines, motor vehicles and recreational motor vehicles.
Section I is the only pertinent provision in the claim by plaintiff. It makes no distinction between motorized vehicles that are recreational and those that are not. It excludes from coverage for theft all motorized vehicles that do not pertain to the service of the premises and are not licensed for road use. Section I is not ambiguous. The provisions under Section II apply only to personal liability and medical payments to others, and not to unscheduled personal property losses.
We are influenced in our decision by the reasoning of a Florida court. In Southeastern Fire Insurance Company v. Lehrman, 443 So.2d 408 (Fla.App. 4th Dist.1984), the court analyzed a similar homeowner’s insurance policy. The facts were analogous. A customized show motorcycle had been stolen. Plaintiff sought recovery under the policy. The policy identically excluded “motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use.” There also the facts were not in dispute. Here, the parties have stipulated that the Honda was a motor vehicle, not licensed for road use, nor did it pertain to the service of the premises. The Florida court used the *554 same rule of construction utilized in Louisiana, that words in an insurance contract should be interpreted in their ordinary sense. The Florida court could find no ambiguity in the terms of the policy in that case, nor can we in the present case.
Since we are reversing as to the first issue, we do not reach the second issue.
For the foregoing reasons, the judgment of the district court is reversed. Judgment is now rendered in favor of defendant, Louisiana Farm Bureau Mutual Insurance Company, and against plaintiff, rejecting plaintiffs demands at his costs.
REVERSED AND RENDERED.