STOKER, Judge.
The issue in this appeal is the correctness of the granting of a summary judgment in favor of the defendant, State Farm Fire and Casualty Company (State Farm), on the issue of insurance coverage. The plaintiffs are Alphan Huckaby, Jr. and Shirley Huckaby and Alphan Huckaby, Jr. as administrator of the estates of his five minor children. The other defendants are Juan Lee Lopez, Dr. Charles Boustany and Madeline Boustany. The plaintiffs filed suit for damages arising out of an alleged fall by Alphan Huckaby, Jr. on property owned by the Boustanys and leased to Lopez. The property in question is located at 1509 and 1511 Moss Street in the City of Lafayette. State Farm was brought into the suit as the insurer of the Boustanys on the basis of a homeowners’ policy which it issued to the Boustanys.
State Farm answered plaintiffs’ petition by way of general denial asserting lack of coverage for plaintiffs’ damages based on various policy exclusions. The Boustanys filed a cross claim against State Farm; and all parties, except Lopez, filed motions for summary judgment as to the issues of insurance coverage.
The trial court granted judgment in favor of State Farm and plaintiffs and the Boustanys have appealed.
SUMMARY JUDGMENT
Alphan Huckaby, Jr. alleged that he fell in a hole while on the premises located at 1511 Moss Street. The accident -occurred on May 18, 1985. At the time of the accident, both 1509 and 1511 Moss Street were leased to Lopez for the purpose of operating a bookstore and flea market. The property had been purchased for investment purposes by the Boustanys prior to May 1985. The property had never been used by them as a residence and was used as a business at the time it was purchased. Mrs. Boustany testified in deposition that they always intended to have business tenants at the location.
State Farm issued a policy of homeowners’ insurance to the Boustanys covering their residential premises at 517 West *656 St. Patrick in the City of Lafayette and various other insured locations designated in the policy. The policy provides, as follows, that:
“ ‘insured location’ means:
a. the residence premises;
b. the part of any other premises, other structures, and grounds, used by you as a residence or which [is] acquired by you during the period this policy is in effect for your use as a residence;
c. any premises used by you in connection with the premises included in 4a or 4b;
d. any part of a premises not owned by any insured but where any insured is temporarily residing;
e. vacant land owned by or rented to any insured other than farm land;
f. land owned by or rented to any insured on which a one or two family dwelling is being constructed as a residence for any insured;
g. individual or family cemetery plots or burial vaults of any insured;
h. any part of a premises occasionally rented to any insured for other than business purposes;
i. 500 acres or less of farmland (without buildings rented to others [)].”
The policy additionally provides personal liability coverage to its insured for damages because of bodily injury or property damage to which the coverage applies for which the insured is legally liable. However, personal liability coverage does not apply, as follows, to:
# ⅞: ⅝ sfc ⅜ ⅜
“a. bodily injury or property damage which is expected or intended by the insured;
b.bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. This exclusion does not apply:
(1) to activities which are ordinarily incident to nonbusiness pursuits;
(2) with respect to Coverage L to the occasional or part-time business pursuits of an insured who is under 19 years of age; or
(3)to the rental or holding for rental of a residence of yours;
(a) on an occasional basis for the exclusive use as a residence;
(b) in part, unless intended for use as a residence by more than two roomers or boarders; or
(c) in part, as an office, school or private garage;
c. bodily injury or property damage arising out of the rendering or failing to render professional services;
d. bodily injury or property damage arising out of any premises owned or rented to any insured which is not an insured location. This exclusion does not apply to bodily injury to any residence employee arising out of and in the course of the residence employee’s employment by any insured;”
* * * * * *
Plaintiffs and the Boustanys argue on appeal, as they did in the court below, that coverage exists because the property on which Huckaby fell is vacant land, and should be so defined because the policy language concerning the term “premises” is vague and ambiguous and should be construed in favor of the insureds finding coverage. State Farm argues that the property is (1) not covered property, and (2) that if it can be construed to be covered property, then the business pursuits exclusion precludes a finding of coverage.
Based upon the pleadings, depositions, answers to interrogatories and the copy of the insurance policy filed into the record the trial court found that there was no genuine issue of material fact regarding the issue of coverage and that State Farm was entitled to judgment as a matter of law. LSA-C.C.P. art. 966. We find no clear error in the trial court’s judgment.
Appellants argue that the building located at 1511 Moss Street and the property behind it are two separate premises. This argument is apparently based on the Bous-tanys' statements that they intended only to rent the building to Lopez. Therefore, the yard area behind the building is, so the *657 argument goes, vacant and unrented land, not being held out for rental to anyone. This interpretation must prevail, appellants argue, because the term “premises” is undefined in the policy and is susceptible of more than one reasonable meaning. We disagree. Pretermitting any discussion concerning whether buildings may be leased separate and apart from the ground upon which they sit, such a lease does not change the usual and ordinary meaning of the word “premises.”
The policy definition of “residence premises” is the “one, two, three or four-family dwelling, other structure, and grounds ... where you reside_” (Emphasis added.) This policy language clearly contemplates the land and structures which the insured utilizes as his residence. This reference is found again in the definition section concerning insured locations. While a premises can be something more or less as contemplated by the terms of a given policy of insurance, we find the meaning of the policy to be clear and unambiguous that “premises” is both the structures and grounds.
As a panel of this court stated in Ray v. Republic Vanguard Insurance Company, 503 So.2d 217, 218-219 (La.App.3d Cir.1987):
“It is well settled, of course, that any ambiguity in an insurance contract should be construed in favor of the insured, and against the insurer. The court, however, will not supply the ambiguity, or allow recovery ‘under the pretext of interpreting an ambiguity where none exists.’ The rule of interpretation of words and phrases which favor the insured is inapplicable if dependent on strained constructions. * * * Words and phrases used in a contract of insurance are to be construed and interpreted in their ordinary and popular sense, rather than in a limited, philosophical, or technical sense.” (Citations omitted.)
The term “premises” as used in the policy and taken in its usual and customary sense to mean a tract of land with the buildings thereon, Webster’s New Collegiate Dictionary (1977), Black’s Law Dictionary, Revised Fourth Edition (1968), clearly includes both the building and grounds located at 1511 Moss Street. This is so regardless of the parties’ intent to lease only the building at 1511 Moss Street. As a result, the property at 1511 Moss Street does not qualify as an insured location under the policy and is specifically excluded from personal liability coverage under exclusion l.d. of the policy. This finding obviates any need to discuss the applicability of the business pursuits or rental exclusion clause of the policy.
Accordingly, the trial court was correct in finding that the policy of homeowners’ insurance issued by State Farm to the Boustanys affords no coverage for the damages sought by plaintiffs and summary judgment was appropriate.
For these reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to the appellants.
AFFIRMED.
LABORDE, J., dissents and assigns written reasons.