564 So.2d 829 (1990)
Betty Thomas SAM, etc., Plaintiff-Appellant,
v.
DELTA DOWNS, INC., et al., Defendant-Appellant,
Fireman's Fund Insurance Company, Defendant-Appellee.
No. 89-285.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1990.
Rehearing Denied August 17, 1990.
*830 Domengeaux, Wright, Robert K. Tracy, Bob F. Wright, Lafayette, for plaintiff-appellant.
Hunter & Boland, Christopher E. John, Lake Charles, Stacy Moak, Baton Rouge, for defendant-appellant.
Carmouche, Gray, Terry Thibodeaux, Lake Charles, for Fireman's Fund Ins. Co.
Funderburk & Andrews, Arthur Andrews, Baton Rouge, for Safeco.
McLain & Morgan, R. Scott McClain, Lake Charles, for Reed.
Woodley, Williams, Edmund Woodley, Raggio, Cappel, Keith Prudhomme, Lake Charles, for defendant-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a summary judgment regarding insurance coverage in a wrongful death action. The trial judge held that the claim was excluded under a general liability policy issued by Firemen's Fund Insurance Company (Firemen's Fund) to Delta Downs, Inc., owner of Delta Downs Race Track. Delta Downs, a defendant, joined by the plaintiffs, appeals. We reverse and remand.
The coverage dispute arises from a suit for wrongful death brought by the widow and three minor children of a jockey. The petition alleges that on January 30, 1987, John Davis Sam died after the horse he was riding broke its two front legs during a race at Delta Downs Race Track in Vinton. The deceased's head struck either a wooden post or a rail in the resulting fall. Delta Downs and Firemen's Fund were two of the defendants sued.
The insurance contract issued by Firemen's Fund to Delta Downs provided an exclusion as follows:

*831 EXCLUSION OF INJURY TO PARTICIPANTS
IN CONSIDERATION OF THE PREMIUM CHARGED IT IS AGREED THAT NO INSURANCE IS AFFORDED FOR BODILY INJURY TO ANY PERSON WHILE PRACTICING FOR OR PARTICIPATING IN ANY ATHLETIC OR SPORTING EVENT OR CONTEST AND ANY MEDICAL AND SURGICAL RELIEF TO ANY PERSON SO INJURED.
The trial judge relied on this exclusion in granting summary judgment in favor of Firemen's Fund, holding there was no coverage.
The appellants contend that this was error. They argue that an ambiguity can be found in the exclusion clause, requiring its interpretation in their favor. Responding to this argument, we adopt with approval and quote the following reasons for judgment of the trial court:
It is not disputed that Mr. Sam was participating in a sporting event, a horse race, at the time of his death. At issue is whether the exclusionary clause precludes the surviving spouse and children of Mr. Sam from having a cause of action.
It is well settled that any ambiguity in an insurance contract should be construed in favor of the insured and against the insurer. The Court, however, will not supply the ambiguity or allow recovery `under the pretext of interpreting an ambiguity where none exists.' (Ray v. Republic Vanguard Ins. Co., 503 So.2d 217 (3d Cir.1987)).
The plaintiffs and Delta contend that this is a wrongful death action only, and the exclusion is ambiguous as to whether Fireman's Fund intended to include both bodily injury and death claims in their exclusion. However, claims are made in this suit for hospital and related expenses and for the physical pain and suffering of Mr. Sam prior to his death which are elements of the survival action. In any event, the question of whether this is a wrongful death and/or a survival action is of no importance.
The policy of Fireman's Fund itself defines the term `bodily injury' to mean:
b. Damages because of `bodily injury' include damages claimed by any person or organization for care, loss or services or death resulting at any time from the `bodily injury'.
The Louisiana Treatise on Insurance Law states that when a claimant receives actual physical injury, bodily injury damages include all damages, general and special, arising out of such injury. It further states that damages which arise out of bodily injury include general damages, physical pain and suffering, mental anguish and distress and special damages such as medical expenses and loss of support, including emotional damages. (H. Alston Johnson, III and William Shelby McKenzie, 15 Louisiana Civil Law Treatise, 1986).
The plaintiffs and Delta also contend that the exclusion at issue is ambiguous because Endorsement # 8 placed no quotation marks around the term bodily injury, as were used in the definition of `bodily injury' as stated above, encompassing damages claimed by any person for death resulting from the `bodily injury'. However, insurance contracts are to be construed as a whole. One section of the policy is not to be construed separately and at the expense of disregarding other sections. (Insurance Co. of N. Am. v. John J. Bordlee Contr., 543 F.Supp. 597 (E.D.La.1982)). Furthermore, the rule of the interpretation of words and phrases which favor the insured is inapplicable if dependent on strained constructions. (Ray).
The plaintiffs, Delta and Fireman's Fund cite the case of Zoller v. State Board of Education, 278 So.2d 868 (1st Cir.1973) in support of their positions. Zoller states that when two equally persuasive and reasonable interpretations of a policy exist, the policy is construed against the insurer. In the case at hand, the clarity of the definition of `bodily injury', with or without quotation marks, simply does not permit any other reasonable interpretation of the policy.
*832 Appellants' second argument on this appeal was not mentioned by the trial court in its reasons for judgment, and may not have been presented to the court then. Appellants point out to us, however, that the petition asserts a basis for liability outside the scope of the exclusionary provision. The petition alleges that Delta Downs was guilty of improper supervision and selection of medical employees, negligent on-site emergency medical treatment, and maintenance of inadequate on-site medical facilities. There thus exists a dispute of fact as to the cause or causes of Sam's death.
Firemen's Fund argues that all of the allegations in the petition relate to horse racing. It argues that the exclusion does not attempt to exclude coverage based on any particular theory of liability, but rather, it excludes all claims arising from an injury while horse racing whether the negligence took place during the race or at some other time. Finally, it argues that the last portion of the exclusion applies to those claims regarding medical care and facilities for medical care.
In LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978), a case dealing with a policy exclusion, the court stated as follows:
[5-7] An exclusion clause in a liability policy is strictly construed against the insurer and in favor of coverage, if more than one interpretation is possible. Creole Explorations, Inc. v. Underwriter's at Lloyd's of London, 245 La. 927, 161 So.2d 768 (1964); Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9 (1948); Couch on Insurance 2d, Section 44:414 (1964). Consonant with this principle, the decisions we could find hold that, where the automobile use exclusion clause is sought to be applied so as to avoid coverage for injuries otherwise covered by a general liability policy, the exclusion clause does not apply where the insured's act is a result of negligence independent of, even though concurring with, his use of an automobile.
We agree with appellants that improper supervision and selection of medical employees, negligent on-site emergency medical treatment, and maintenance of inadequate on-site medical facilities, are claims that are independent of the deceased's participation in horse racing, and are not excluded from coverage. Only by a liberal interpretation of the exclusion clause can these allegations of fault be said to arise from an injury while horse racing. By a strict interpretation, as we are required to give the clause, the insured's alleged conduct is the result of fault independent, though concurring with, horse racing.
Regarding the insurer's argument based on the last portion of the clause, we must likewise disagree. We must strictly construe an exclusion clause in a liability policy against the insurer if it is capable of more than one interpretation. Credeur v. Luke, 368 So.2d 1030 (La.1979). Another reasonable, and the most probable interpretation of the last portion of the exclusion is simply that it excludes coverage under the "medical payments" coverage of the insurance contract for injuries resulting from horse racing.
Summary judgment was improper. The petition alleges covered claims as to which there are genuine issues of material fact. La.C.C.P. art. 966. The case is remanded to the trial court for further proceedings. Fireman's Fund will pay the costs of this appeal.
REVERSED AND REMANDED.