JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent from that portion of the court’s opinion holding that exclusion (m) is unambiguous and can only be read as precluding coverage for injuries arising from an occurrence caused by a family member of the insured. In my view, it is the court today that engages in a strained reading of the language and ignores the natural meaning of the term read in the context of the policy.
Exclusion (m) precludes coverage for injury to a “daycare child arising from an occurrence caused by a family member not employed as a daycare provider.” The language in exclusion (m) contains two phrases, “daycare child” and “care provider,” that are specifically defined in the policy, but one term, “family member” which is not defined. The policy in question is specifically designated as a policy for child care providers. The complaints against Grovenburg alleged that the plaintiffs were six, three, and four years old. Unlike businesses dealing with adults or older children, it is a basic feature of a day care center’s business that its infant “customers” must be delivered to the provider’s premises by someone else, and most usually, that someone elsé is a member of the child’s own family.
As the bankruptcy judge stated, “[A] family member of a day care child could cause an occurrence at the day care site just as could a member of the insured’s family. Depending upon the facts of the particular case, an insured could be faced with a lawsuit involving either.” The district judge stated that “there are ... likely scenarios in which family members of a child supervised at the day care center could cause injury or damage to the child while on the day care premises,” and the insurer could plausibly want to exclude coverage for such injury under the policy. The district judge did not err in so stating.
Under South Dakota law an insurer seeking to avoid coverage by relying on an exclusion in its policy has the burden of proving the exclusion applies, and the court must resolve any ambiguity in the policy in favor of the insured. Opperman v. Heritage Mut. Ins. Co., 566 N.W.2d 487, 489 (S.D.1997); Olson v. United States Fidelity and Guaranty Co., 549 N.W.2d 199, 200 (S.D.1996). This rule applies so long as the provisions of an insurance policy are “fairly susceptible of different interpretations,” Olson, 549 N.W.2d at 200, but not when the insured proposes an interpretation that “amounts to an absurdity,” or “a strained or unusual meaning .” Id.
The policy, on its face and in its intended context, is “fairly susceptible” of the reading the Grovenburgs urge, that “family member” refers to the children’s families. It is altogether likely that an insurer would espouse this very reading if a day care child had been injured by, for instance, his mother stumbling as she carried the child in the door. Since “family member” was left undefined in a context in which it could meaningfully apply either to the family of the day care child or the family of the day care provider, Homestead has not carried its burden of establishing an applicable exclusion. If the “family member” exclusion was important to Homestead, it should have defined the term. Since it did not, under South Dakota law the Grovenburgs are entitled to be provided a defense.